FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 AUG 21 AM 11:34
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEMETRIUS FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-125 |
| ) | (Formerly CR 106-092) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the United States Penitentiary in Beaumont, Texas, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** without prejudice as premature, and that this civil action be **CLOSED**.

I. BACKGROUND

On September 28, 2006, Petitioner pled guilty to one count of conspiracy to rob a commercial business in violation of 18 U.S.C. § 1951, three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Freeman, CR 106-092, doc. no. 50 (S.D. Ga. Sept. 28, 2006) (hereinafter "CR

106-092"). United States District Judge William T. Moore, Jr., sentenced Petitioner to a 260-month term of imprisonment and a judgment was entered on September 26, 2007. (Id., doc. no. 76.) Petitioner executed a motion for resentencing on October 26, 2011, which was filed by the Clerk of the Court on November 2, 2011. (Id., doc. no. 110, pp. 1, 3.) On December 11, 2012, a Notice of Appeal was filed. (Id., doc. nos. 123.) Although his motion for resentencing was denied by Judge Moore on June 21, 2013, (id., doc. no. 132), Petitioner's appeal is still pending. Thereafter, Petitioner executed the instant motion on July 10, 2013, and it was filed by the Clerk of the Court on July 29, 2013. (Doc. no. 1, pp. 1, 5.)

## II. DISCUSSION

"The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot." United States v. Khoury, 901 F.2d 975, 976 n. 1 (11th Cir. 2009), modified on other grounds, 910 F.2d 713 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968)[1] ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); United States v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (unpublished) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2

of the direct appeal may negate the need for habeas relief . . . [T]he district court should have dismissed [the] . . . motion as premature.") Therefore, based upon Eleventh Circuit case law, Petitioner may not pursue collateral relief and a direct appeal simultaneously. See Khoury at 976; see also Doe v. Hastings, CV 212-191, 2013 WL 607655, at *2 (S.D. Ga. Feb. 5, 2013).

Because Petitioner's direct appeal is currently pending before the Eleventh Circuit, and a review of his § 2255 motion reveals no extraordinary circumstances warranting immediate review, Petitioner's motion is premature and should be dismissed without prejudice.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues regarding the instant premature motion, so no COA should issue. 28 U.S.C. 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal,

3

an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's motion is prematurely filed. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** without prejudice as premature, and that this civil action be **CLOSED**. The Court further **RECOMMENDS** that Petitioner be **DENIED** a COA and permission to appeal IFP.

SO REPORTED and RECOMMENDED this 21st day of August, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4