IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEMETRIUS FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 114-232 |
| ) | (Formerly CR 106-092) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary in Pollock, Louisiana, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

### I.    BACKGROUND

On June 8, 2006, the grand jury in the Southern District of Georgia charged Petitioner in a ten-count indictment with conspiracy to rob a commercial business, multiple counts of armed bank robbery, multiple counts of brandishing a firearm during a crime of violence, and multiple counts of possession of a firearm by a convicted felon. United States v. Freeman, CR 106-092, doc. no. 3 (S.D. Ga. June 8, 2006) (hereinafter "CR 106-092"). On September 28, 2006, Petitioner, represented by retained counsel, pled guilty to one count of conspiracy to rob a

commercial business in violation of 18 U.S.C. § 1951, three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Id., doc. nos. 48, 50, 53. In exchange for Petitioner's guilty plea to these five counts, the government agreed to dismiss the remaining counts. Id., doc. no. 50, pp. 1-5. By pleading guilty, Petitioner admitted the factual basis for his convictions. Id. at 10-12. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> The defendant, as part of this agreement and in consideration for the government's promises hereunder, also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the guideline range it finds as a matter of fact and law to be applicable to the defendant and the offense, whether that upward departure is made pursuant to U.S.S.G. § 4A1.3 (from criminal history) or U.S.S.G. § 5K2.0 (from offense level.) The defendant understands and agrees that all other aspects of these waivers of appeal and collateral attack rights, and all guideline findings of fact and law by the sentencing Court, would remain in full force and effect notwithstanding the defendant's appeal of an upward departure.

Id. at 8.

Upon entry of the guilty pleas, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 36, Criminal History Category at V, and Guideline imprisonment range at 292 to 365 months, plus a consecutive term of eighty-four months as to the charge of brandishing a firearm during a crime of violence. PSI ¶ 136. The statutory maximum terms for the charges to which Petitioner pled guilty were twenty years for the conspiracy charge, twenty-five years for each of the three counts of armed bank robbery, and at least seven years and not more than life for the § 924(c) charge. PSI ¶¶ 133-35.

United States District Judge William T. Moore, Jr., sentenced Petitioner to 260 months imprisonment, and the Court entered a judgment on September 26, 2007. CR 106-092, doc. no. 76. Petitioner did not initially file a direct appeal, but he did file a motion for resentencing in 2011, which Judge Moore denied. Id., doc. nos. 110, 132.

Petitioner filed a notice of appeal of his 2007 judgment on December 11, 2012. Id., doc. no. 123. Petitioner filed his first § 2255 motion while his direct appeal was pending, and the Court dismissed the motion as premature. Id., doc. nos. 134, 139. After appointment of appellate counsel, the Eleventh Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. Id., doc. no. 153.

Nearly eight months after dismissal of the appeal, Petitioner signed the instant § 2255 motion on December 10, 2014, and the Clerk of Court filed it on December 15, 2014. (See doc. no. 1.) Petitioner argues, as he has repeatedly through his post-conviction filings, that Judge Moore misapplied the sentencing guidelines by counting uncounseled state convictions in his criminal history, and his retained counsel provided ineffective assistance by failing to address this error with Judge Moore. (See generally id.) Petitioner also contends that he is entitled to § 2255 relief as to his § 924(c) conviction because of the decision rendered by the United States Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013).

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely and his arguments for a later statute of limitations are without merit.

## II. DISCUSSION

### A. The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on September 26, 2007, and because Petitioner did not file a timely notice of direct appeal, his convictions and sentence became final ten days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final ten days after entry); Fed. R. App. P. 4(b)(1).[1] Thus, the instant petition, filed more than seven years later, is untimely.

Even if the Court were to incorrectly assume for the sake of argument that AEDPA's clock did not run during the pendency of Petitioner's procedurally improper direct appeal filed in 2012, or the pendency of his motion for resentencing filed in 2011, Petitioner did not begin any

---

[1] In 2009, the Federal Rules of Appellate Procedure were revised to extend the time for filing a notice of appeal from ten days to fourteen days. Fed. R. App. P. 4(b), 2009 advisory committee's note. Thus, at the time of entry of the judgment in 2007, Petitioner had ten days to file a notice of appeal.

4

of these post-conviction proceedings until more than four years after his convictions became final in 2007, well past the expiration of AEDPA's one-year statute of limitations.

Nor does Petitioner's mistaken reliance on Alleyne, qualify him for a later statute of limitations. The Supreme Court held in Alleyne that "facts that increase mandatory minimum sentences must be submitted to the jury" for a determination of guilt beyond a reasonable doubt. 133 S. Ct. at 2163. According to Petitioner, the seven-year consecutive sentence he received based on his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) was improper because a jury did not determine that he brandished a weapon. (Doc. no. 1, p. 4.) Not only did Petitioner admit the facts upon which his § 924(c) conviction is based by virtue of his guilty plea, thereby establishing his guilt of the crime beyond a reasonable doubt, but the rule announced in Alleyne does not apply retroactively on collateral review. Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014); Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014). Thus, Alleyne does not apply and cannot reset Petitioner's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary

5

circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, No. 13-150117, -F.3d-, 2015 WL 253285, at *4-5 (11th Cir. Jan. 21, 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crimes of conviction, but rather he claims that he was improperly sentenced and that a jury decision, rather than his own admission of guilt, should have been used as a basis for his § 924(c) conviction.

Not only were the facts of Petitioner's § 924(c) conviction established beyond a reasonable doubt by his guilty plea, but Petitioner also concedes that the circumstances of his uncounseled state court convictions forming the basis for his current allegations of error were known at the time of sentencing. (Doc. no. 1, p. 2; see also PSI ¶¶ 102, 104-06). Thus, Petitioner cannot show that the delay in filing a § 2255 motion was the result of extraordinary circumstances beyond his control, even with the exercise of due diligence, when he knew the facts supporting his current collateral challenge to his sentence at the time his federal sentence became final in 2007. See Johnson, 340 F.3d at 1226. Additionally, "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014). Petitioner was sentenced not only below the statutory maximum, but also below the low end of the guideline range, and has not shown actual innocence or vacatur of the prior state convictions that he claims were improperly used against him.

Moreover, Petitioner's reliance on cases standing for the general proposition that failing to appoint counsel for an indigent is a jurisdictional defect does not, as he claims, (doc. no. 1, pp. 2-3), excuse a failure to follow the proper procedures for raising such claims. For example, Howard v. United States, 374 F.3d 1068 (11th Cir. 2004) acknowledges the general proposition "that failure to appoint counsel for an indigent defendant [is] a unique constitutional defect," but also explains such challenges are not exempt from procedural rules. Id. at 1071-73. "As the construction of the habeas statute changed, the need to phrase entitlement to relief in terms of jurisdiction ended. A modern day petitioner cannot rely on outdated language about Gideon

errors rising to the level of jurisdictional defects in order to get past procedural defenses, because the Supreme Court has stated in two modern decisions- Daniels [v. United States, 532 U.S. 374] and Lackawanna [County Dist. Atty. v. Coss, 532 U.S. 394] both decided in 2001 - that procedural defenses do apply to Gideon-based claims." Id. at 1072. Therefore, neither equitable tolling nor the actual innocence exception saves the instant motion from being time-barred under AEDPA.

### B. A Certificate of Appealability Should Not Issue.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the §

2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**. The Court further **RECOMMENDS** that Petitioner be **DENIED** a COA and permission to appeal IFP.

SO REPORTED and RECOMMENDED this 28th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA