IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR106-092
)
DEMETRIUS FREEMAN, )
)
Defendant. )
)

O R D E R

Before the Court are Defendant's Motion for Court Order (Doc. 171), F.R. Civ. P 60(b) Motion (Doc. 174), and Motion for Summary Judgment (Doc. 175). For the following reasons, the motions are **DENIED**.

In his three motions, Defendant alleges that his sentence was calculated incorrectly and requests that it be recalculated. Specifically, Defendant argues that two convictions that contributed to his sentence should have been counted as one because they occurred on the same occasion or were part of a single common scheme. Whether or not this is true, the Court lacks the jurisdiction to alter Defendant's sentence. Defendant's exclusive remedy to alter his sentence is in a 28 U.S.C. § 2255 petition. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). However, none of Defendant's motions are presented in that fashion. To remedy this error, the

Court would generally construe Defendant's motions as requests for relief pursuant to § 2255. However, Defendant has already filed and lost a § 2255 motion and may not file a new one without prior approval from the Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2255(h). As a result, the Court cannot construe Petitioner's motions as a § 2255 petition and lacks jurisdiction to alter Petitioner's sentence. Accordingly, Petitioner's motions are **DENIED**.

SO ORDERED this 28th day of July 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA