IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR106-092 |
| ) | |
| DEMETRIUS FREEMAN, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant's Motion Due to Breach of Plea Agreement (Doc. 192), to which the Government has responded (Doc. 193). In his motion, Defendant "request[s that] his sentence [is] vacated due to the breach of [his plea agreement" by the Government. (Doc. 192 at 3.) Defendant asserts that the Government failed to correct an error made in the calculation of his sentencing guidelines and, therefore, breached the plea agreement in his case. (Id. at 1-2.) After careful consideration, Defendant's request is **DENIED**.

Despite the labeling of his motion, Defendant is essentially raising a collateral challenge to his federal sentence. "It is well-settled that a [28 U.S.C. § 2255] motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction or sentence . . . ." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir.

2008). Although this Court could construe Defendant's motion as a motion to vacate under § 2255, the Court is unable to do so because Defendant previously filed a § 2255 petition for relief from his sentence in this matter. (See CV114-232.) This Court may only entertain a second or successive habeas corpus petition in this case after Defendant receives certification from the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). Without permission from the Eleventh Circuit to consider a second or successive petition, this Court lacks jurisdiction over Defendant's motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 25th day of March 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA